UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: SBS ENTERPRISES, INC., and MARTINSVILLE DEPOT, INC., *Debtors.* | )<br>)<br>)<br>) |
| CO-ALLIANCE, LP, *Appellant*, | )<br>)<br>)<br>) |
| *vs.* | ) 1:11-cv-00484-JMS-MJD<br>) |
| SBS ENTERPRISES, INC., and MARTINSVILLE DEPOT, INC., *Appellees.* | )<br>)<br>)<br>) |

## **ORDER**

Unlike in most actions, the Court sits here as an appellate court, reviewing the "final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a). Specifically here, the Court is asked to overturn the Bankruptcy Court's decision to apply the automatic stay to a state court action, as discussed below.

### **BACKGROUND**

Before the bankruptcy proceedings began below, Appellant Co-Alliance, L.P. ("Co-Alliance"), had been suing Appellees SBS Enterprise, Inc., and Martinsville Depot, Inc. (collectively, the "Debtors") in an Indiana state court in a commercial dispute. The state court ordered the impoundment with the state court clerk of any funds that the Debtors might realize from a proposed sale of their assets, pending resolution of the state court action. [*See* dkt. 1-19 at 6.] The sale proceeded as planned. But rather than turn over the proceeds to the court clerk, the Debtors' counsel put them in his escrow account and applied them to various obligations that the Debtors had. [*Id.* at 7.] The Debtors then filed for bankruptcy, with the help of their counsel.

With their bankruptcy, the state court action against the Debtors was automatically stayed. 11 U.S.C. § 362(a). Co-Alliance decided, however, to ask the state court to hold the Debtors' counsel in contempt for not turning over the sale proceeds to the state court clerk. The state court did so. It ordered the Debtors' counsel jailed for contempt for 150 days or until he personally paid an amount equal to what the state court found had been wrongfully disbursed funds, to the tune of $75,000. [Dkt. 1-19 at 12.]

After the contempt order had issued, the Debtors' counsel filed an expedited motion with the Bankruptcy Court, asking it to find that the automatic stay applied to the contempt proceedings against him. [Dkt. 1-25.] The Bankruptcy Court did so following a hearing in January 2011. [Dkt. 1-28.] The written order granting the motion contains no reasoning; it only says: "After hearing the arguments of counsel and having reviewed the relevant pleadings, the Court now finds that the relief prayed for in the motion should be granted." [*Id.*] The transcript of the hearing has not been included in the record.

Co-Alliance asked the Bankruptcy Court to reconsider its decision, [dkt. 1-29], which was the subject of a testimonial hearing in February 2011 [dkt. 1-31]. The Bankruptcy Court denied the motion in a similarly brief written order as the one issued in January: "After hearing the arguments of counsel, having reviewed the relevant pleadings, and having considered the testimony, the Court found that the motion should be denied." [Dkt. 1-32.] And as with the January hearing, the transcript of that February hearing has not been included in the record either.

## DISCUSSION

Before considering the substance of the bankruptcy appeal, which concerns the applicability of the automatic stay to the contempt proceedings against the Debtor's counsel, the Court must first address Co-Alliance's Motion to Strike, [dkt. 8].

### A. Co-Alliance's Motion to Strike

As with any appeal, the lower court's actions rise or fall based only upon the material actually in the record. *Cf. United States v. Phillips*, 914 F.2d 835, 840 (7th Cir. 1990) ("An appellant may not attempt to build a new record on appeal to support his position with evidence that was never admitted in the court below." (citations omitted)). To that end, the Federal Rules of Bankruptcy Procedure, which control the appeals process in the district courts, require the parties to a bankruptcy appeal to punctuate their statements of fact "with appropriate references to the record" and their arguments "with citations to the authorities, statutes, and parts of the record relied on." Fed. R. Bankr. Pro. 8010(a)(1)(D)-(E); 8010(a)(2). If an item is not in the record, it does not count on appeal. *See Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1392 n.4 (7th Cir. 1990) ("To the extent Baxter's brief makes a reference to…facts outside the record, those portions of the brief are properly stricken.").

The Bankruptcy Rules give both sides to an appeal the opportunity to designate the contents of the record. Within fourteen days of filing the notice of appeal (or other time frames not relevant here), the appellant must file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal…." Fed. R. Bankr. Pro. 8006. The clerk will then prepare the record that the parties have designated. *Id.*

Here, Co-Alliance's motion to strike has identified multiple unsupported factual assertions in the Debtors' Response Brief, all of which are properly stricken. *Holmberg*, 901 F.2d at 1392 n.4. The only portion of the motion that the Debtors oppose concerns the portion of their brief setting forth counsel's recollection as to what occurred during four bankruptcy hearings,

including the hearings in January and February 2011 that form the basis of this appeal. [*See* dkt. 10.] Co-Alliance advises that it did not order the transcripts because it "did not intend to cite to or discuss any hearings in its brief." [Dkt. 11 at 3 ¶7.] By contrast, the Debtors chose not to order the transcripts because they did not want to pay the court reporter to prepare them. [Dkt. 10 ¶7.] But the transcripts constitute the best evidence as to what occurred during those hearings—and indeed the only acceptable evidence in the face of Co-Alliance's motion to strike. The Debtors had just as much opportunity as Co-Alliance to decide what the record on appeal would include. Having chosen not to accept the costs of the transcripts, the Federal Rules of Bankruptcy Procedure prevent the Debtors from reaping any benefit from what those omitted transcripts might reveal.[1]

### B. Resolving the Bankruptcy Appeal

Subject to only narrow exceptions, the automatic stay protects bankrupt debtors, not third parties. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (collecting cases recognizing the potential of the automatic stay to extend to protect (a) third parties who share "such an identity" with the debtor "that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor" and (b) third parties involved in litigation that, unless halted, "would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm" (quotations omitted)). Co-Alliance argues that no exception applies; therefore, the Bankruptcy Court should not have found the Debtors' counsel within the protection of the automatic stay. [Dkt. 6 at 13-15.]

---

[1] Although the Court has the discretion to give the Debtors time to supply the necessary transcripts, *see In re Beck-Rumbaugh Associates, Inc.*, 80 B.R. 306, 307 (E.D. Pa. 1987), the Court declines to exercise that discretion here. Co-Alliance made a strategic choice to omit the transcripts and to attack the Debtors' attempted workaround. Co-Alliance must live with the consequences of its strategy, which are discussed below.

Co-Alliance has a problem with its argument: the record on appeal, or more accurately, the lack of record on appeal. Upon Co-Alliance's motion, the Court just struck the Debtors' counsel's summary of the testimony that the Bankruptcy Court heard and the oral reasons that the Bankruptcy Court gave to flesh out its summary written orders. But because Co-Alliance did not provide the transcripts of the January and February 2011 hearings itself, the Court now lacks the oral evidence that the Bankruptcy Court considered before ruling and lacks the reasoning that the Bankruptcy Court provided. While Co-Alliance had a great deal of liberty to decide what to designate for inclusion in the record, as the appellant here it had the obligation to provide all transcripts necessary for meaningful review of the Bankruptcy Court's orders. *In re Thompson*, 140 B.R. 979 (N.D. Ill. 1992) ("The burden of providing the bankruptcy appellate court (which in this district is initially the district court) with an adequate record on appeal is squarely on the appellant."). *See also Hill v. Porter Mem. Hosp.*, 90 F.3d 220, 226 (7th Cir. 1996) ("Failure to supply necessary documents goes to the heart of this court's decision-making process. We cannot consider arguments that the lower court was incorrect and should be reversed if the written orders and transcript pages containing the appealed decisions are not before us.").

Depending on the evidence that the Bankruptcy Court had before it, the Bankruptcy Court may have been correct, given that the automatic stay sometimes can preclude actions against third parties. Without the transcripts of the January and February 2011 hearings, however, the Court cannot say. "[A]n appellate court has no alternative but to dismiss an appeal if the absence of the transcript precludes meaningful review." *Fisher v. Krajewski*, 873 F.2d 1057, 1061 (7th Cir. 1989). *See also LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995) ("[D]ismissal is the appropriate course if the absence of a complete record precludes meaningful appellate review." (citations omitted)). No meaningful review is possible here; the Court will not

speculate as to why the Bankruptcy Court ruled the way that it did, *see Fisher*, 873 F.2d at 1063 n.5 ("[I]t is impossible to review the magistrate's ruling in the absence of the transcript, as we would be left to speculate as to the magistrate's reasoning in excluding evidence…."). Accordingly, the Court will dismiss the appeal.

## CONCLUSION

The Court **GRANTS** Co-Alliance's Motion to Strike, [dkt. 8], and **DISMISSES** this bankruptcy appeal.

07/18/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Craig Rogers Benson
ATTORNEY AT LAW, PC
cbenson@kiva.net

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

James W. Hehner
HEHNER & ASSOCIATES
jwhehner@hehnerlaw.com