UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: SBS ENTERPRISES, INC., and MARTINSVILLE DEPOT, INC.,
*Debtors.*

---

CO-ALLIANCE, LP,
*Appellant,*

*vs.*

SBS ENTERPRISES, INC., and MARTINSVILLE DEPOT, INC.,
*Appellees.*

1:11-cv-00484-JMS-MJD

**ORDER**

Presently before the Court in this bankruptcy appeal is Appellees' SBS Enterprises, Inc., and Martinsville Depot, Inc. (collectively "Debtors") Motion for Assessment of Attoreys Fees. [Dkt. 16.] This motion follows this Court's dismissal of Appellant Co-Alliance, LP's ("Co-Alliance") appeal for failure to include the transcripts of the hearings, which gave rise to the Bankruptcy Court's orders that were the subject of the appeal. *In re SBS Enterprises, Inc.* 2011 U.S. Dist. LEXIS 78056 (S.D. Ind. 2011) (citing *LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995) ("[D]ismissal is the appropriate course if the absence of a complete record precludes meaningful appellate review." (citations omitted))).

## I. BACKGROUND

The underlying bankruptcy arose from an ongoing commercial dispute in Indiana state court between Co-Alliance and the Debtors. Due to the bankruptcy filing by the Debtors, a stay issued against the state court commercial dispute proceedings. 11 U.S.C. § 362(a). Nonetheless, upon motion by Co-Alliance, the state court held the Debtors' attorney in contempt of court for

failure to turn certain funds of the Debtors over to the court clerk, which were the subject of a prejudgment attachment. [*See* Dkt. 1-19 at 7, 12.] After being found in contempt by the state court, the Debtors' counsel moved for an extension of the bankruptcy stay to the contempt proceedings. The Bankruptcy Court granted the extension. That order, in addition to a denial of Co-Alliance's motion to reconsider, formed the basis of Co-Alliance's appeal. [*See* Dkts. 1-25, 1-28.]

## II.
## ANALYSIS

Debtors make three substantive arguments as to why they should be awarded $28,840 in attorney's fees they incurred responding to the dismissed appeal. First, Debtors contend that they "have no assets with which to pay any portion of their appellate attorney['s] fees." [Dkt. 16 at 2.] Second, they contend that Fed. R. Bankr. Pro. 8014 provides that attorney fees can be taxed against the losing party on appeal. [Dkt. 21 at 3-4.] Third, Debtors argue that Co-Alliance's appeal was a frivolous vendetta against Debtors' counsel, which would allow this Court to award just fees under Fed. R. Bankr. Pro. 8020.[1] [Dkt. 21 at 3, 9.]

Before the Court can consider Debtors' arguments, however, the Court must address Co-Alliance's claim that Local Rule 54.1 makes any award of attorney fees procedurally improper.

### A. Local Rule 54.1

Local Rule 54.1 provides, in part, that "the parties shall have 14 days from the entry of final judgment to file and serve a Bill of Costs and a motion for the assessment of attorney fees." Co-Alliance argues that because the Court's dismissal of the appeal did not reach the merits, the

[1] To the extent Debtors argued in their initial Motion for Assessment of Attorneys Fees that attorney fees should be awarded solely under Fed. R. Civ. Pro. 54(d)(2), Local Rule 54.1, and Fed. R. App. Pro. 39(a)(1), [dkt. 16-1], Debtors dropped those claims in their reply, leaving only the three arguments identified above. [Dkt. 21.]

dismissal was not a final judgment, thus a motion for attorney's fees is premature under Local Rule 54.1. [Dkt. 14.]

Co-Alliance has, however, misunderstood a "final judgment" that triggers the period for filing fee petitions like this one. A "'[j]udgment' . . . includes a decree and any order from which an appeal lies." Fed. R.Civ. P. 54(a). Thus, although the Court did not pass on the merits of the appeal, the dismissal order triggered the fourteen-day period for filing a fee petition. Debtors' petition, therefore, is procedurally proper under Local Rule 54.1.[2]

**B. Debtors' Inability to Pay Attorney's Fee**

Debtors contend that this Court should award attorney's fees because of their insolvency." [Dkt. 16 at 2.] Their argument, however, impermissibly conflicts with the "American Rule" for attorney's fees. Parties must bear their own attorneys' fees absent an agreement, statute, or court rule to the contrary:

> Since the approach taken by Congress to this issue [of fee shifting] has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys' fees…, those courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others….

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 269 (1975).

The Debtors cannot recover attorney fees from Co-Alliance simply because the Debtors cannot pay themselves.

[2] The parties both agreed, and the Court found, that the bankruptcy order that was the subject of the appeal was a "final" order and thus appealable. [Dkt. 13 at 3.] Because of the time limit for filing appeals from final orders of the Bankruptcy Court, *see* Fed. R. Bankr. Pro. 8002(a), the order below stands.

**C. Federal Rule of Bankruptcy Procedure 8014**

Besides claiming insolvency authorizes the fee award, Debtors contend that Fed. R. Bankr. Pro. 8014 enables an award of attorney fees. Rule 8014 states, in part, that "costs shall be taxed against the losing party on appeal." Fed. R. Bankr. Pro. 8014. While Rule 8014 enumerates various categories of costs, attorney fees are not included among them.[3] *Swanson v. First Wis. Fin. Corp.*, 163 B.R. 528, 543 (E.D. Wis. 1993) ("To the extent that the trustee's request for 'fees' seeks attorneys' fees, such demand will also be denied. Rule 8014 does not grant the trustee a right to an award of attorneys' fees….").

**D. Federal Rule of Bankruptcy Procedure 8020**

Finally, Debtors assert this Court should award attorney's fees under Fed. R. Bankr. Pro. 8020. Under that rule, "[i]f a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed. R. Bankr. Pro. 8020. An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir. 1994) (citations omitted) (involving similarly worded Fed. R. App. Pro. 38); *accord in In re Sokolik*, 635 F.3d 261, 271 n.3 (7th Cir. 2011) (discussing Fed. R. Bankr. Pro 8020)).

The Court finds neither condition satisfied. Co-Alliance's strategic decision to omit the transcripts of the hearings (and thereby save transcript costs) was not obviously fatal from the onset. The strategy ultimately failed when Co-Alliance later moved to strike the portions of the Debtors' brief that attempted to supply factual information. Had Co-Alliance acquiesced to the Debtors' counsel's summary of what happened in the hearings, the Court could have overlooked

[3] Debtors do not seek any award other than attorney's fees. [*See* Dkt. 16.]

the failure to supply the transcripts. *Cf. Wilson v. Electro Marine Systems, Inc.*, 915 F.2d 1110, 1117-18 (7th Cir. 1990) (proceeding with appeal despite lacking transcripts when evidence within briefs was undisputed). Furthermore, the Debtors never asked the Court to dismiss the appeal.

As to the "without merit" possibility, the Court finds sufficient merit to avoid labeling the appeal substantively frivolous. While the automatic stay of 11 U.S.C. § 362 generally only applies to debtors, exceptions exist. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991). Co-Alliance provided examples of some of the exceptions to the general rule and stated good-faith, plausible arguments for their belief that no exception should apply. [Dkt. 6 at 13-15.] The Debtors had no binding Seventh Circuit authority conclusively establishing the merits of the Bankruptcy Court's decision. Thus, had the Court possessed an appropriate record, reasonable minds might have differed on the ultimate outcome.

Because Co-Alliance's appeal neither had an obvious result nor was without merit, the Court finds that the appeal was not frivolous, precluding an award of fees.

## IV.
## CONCLUSION

For the above stated reasons, the Court **DENIES** Debtors' Motion for Assessment of Attorney's Fees. [Dkt. 16.]

09/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Craig Rogers Benson
ATTORNEY AT LAW, PC

cbenson@kiva.net

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

James W. Hehner
HEHNER & ASSOCIATES
jwhehner@hehnerlaw.com